IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**vs.**

**CHRISTOPHER B. TAYLOR,**

**Defendant.**                                                   **No. 04-CR-30095-DRH**

<u>**ORDER**</u>

**HERNDON, District Judge:**

Before the Court is a second notice of appeal filed by Defendant Christopher B. Taylor ("Defendant"). (Doc. 211.) On September 16, 2005, after a five-day trial, a jury found Defendant guilty of two Counts related to his possession of an illicit substance. (Docs. 153, 154.) Since then, Defendant — through his attorneys[1] — has filed a motion for acquittal (Doc. 163) and a motion for a "separate forensic laboratory analysis" (Doc. 182), both of which this Court denied (Docs. 189, 190). Defendant has also filed a total of thirteen pro-se motions, despite being represented by counsel and despite having been informed that this Court does not accept pro-se motions from litigants who are represented by counsel. (*See* Docs. 160, 161, 169, 171, 177, 184, 186, 198, 199, 201, 202, 205, 206, 210.) Additionally, Defendant has filed two pro-se notices of appeal. (Docs. 191, 211.) The

---

[1] Defendant has had a total of eight attorneys in this matter. The Court appointed two attorneys to represent Defendant at trial, after which a different attorney was appointed. (Doc. 157.)

first notice of appeal — which Defendant submitted to contest this Court's refusal to appoint him his ninth attorney in this case (Doc. 187) — is presently before the Seventh Circuit.

The Court now takes up the issue of Defendant's second notice of appeal. Normally, the filing of a notice of appeal divests a district court of jurisdiction. As the Supreme Court stated in **Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982)**, "[t]he filing of a notice of appeal is an event of jurisdictional significance — it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Where an issue is ancillary to the question on appeal — and thus not "involved" in the appeal — however, a district court has jurisdiction to consider it. **May v. Sheahan, 226 F.3d 876, 879 (7th Cir. 2000)**; **Kusay v. United States, 62 F.3d 192, 194 (7th Cir. 1995)**. The Seventh Circuit has held, further, that where a notice of appeal is "a frivolous attempt to block the normal progress of litigation," a district court may certify as much and proceed with its jurisdiction uninterrupted. **Kusay, 62 F.3d at 194**; **Apostol v. Gallion, 870 F.2d 1335, 1338-39 (7th Cir. 1989)**.

Here, the Court finds that Defendant's second pro-se notice of appeal is a frivolous attempt to impede the progress of this litigation. To begin with, Defendant's notice of appeal pertains to an order that does not exist. Defendant's filing is titled "Notice of Appeal of Denial of Writ of Mandamus from January 4,

2006."[2]  (Doc. 211.)  No order, however, was issued on or around that date.[3]  An nonexistent order, of course, cannot be appealed.

Confusingly (because of his notice's title), Defendant also purports to appeal the "constructive denial" of an unspecified motion for a writ of mandamus that he insists was filed on or before January 12, 2006.[4]  (Doc. 211.)  Judging by the language in Defendant's notice, this motion presumably sought "emergency" relief to prevent the government (referred to as "Defendant's") from "violat[ing] the Constitution."  (Doc. 211.)  Defendant, however, fails to identify either the motion that was constructively denied or the "emergency" relief he is entitled to.  As such, the Court is unable to immediately divine the exact subject of Defendant's appeal.

Looking at the docket in this case, there are two pending motions filed by Defendant prior to January 12, 2006: a motion seeking transcription of a DEA tape and a CD-Rom (Doc. 198), and a motion seeking the provision of a law library (Doc. 199) (the "January 10th motions").  Neither of these motions, however, purports to refer to emergency circumstances requiring this Court's immediate attention.  (Docs. 197, 198, 199.)  Even setting this fact aside — and also setting aside the question of whether this Court's failure to rule on a motion within ten days

---

[2] The first sentence of the notice restates January 4, 2006 as the day on which this Court denied Defendant's writ.  (*Id.*)

[3] Even if this Court had issued an order on January 4, 2006, moreover, Defendant's appeal would be untimely.  **FED. R. APP. P. 4(b)(1)(A)**.

[4] Defendant's notice was signed on January 22, 2006.  In it, he repeatedly insists that his motion has been pending for "more than [ten] days."  (Doc. 211.)

necessarily amounts to a "constructive denial" — both of the January 10th motions were filed pro se by Defendant. As this Court has repeatedly informed Defendant, pro-se motions filed by a defendant represented by counsel will not be accepted. (Doc. 171.) Defendant's constructive-denial argument, therefore, is frivolous as well. Not only does the argument fail to correspond with a motion actually filed by Defendant, but even if one of the January 10th motions could somehow be construed to fit the criteria laid out in his constructive-denial argument, that motion would have been filed pro se at a time when Defendant was represented by counsel.

Therefore, due to the frivolity of Defendant's second notice of appeal, once the Seventh Circuit issues its mandate to this Court as to Defendant's first notice of appeal, the Court will have jurisdiction to go forward with the primary task that remains in this matter: sentencing. ***Kusay*, 62 F.3d at 194**. It should be pointed out, however, that this Court would retain jurisdiction to sentence Defendant even if his second notice of appeal were proper. This is because the narrow question Defendant seeks to present to the Seventh Circuit — whether his current state of confinement violates the Constitution — is unrelated to the issue of sentencing. Because ***Griggs*** provides that an ancillary appeal does not divest a court of jurisdiction, ***Griggs*, 459 U.S. at 58**, the Court could go forward with sentencing even absent the second notice of appeal's frivolity.

For these reasons, the Court **CERTIFIES** to the Seventh Circuit that

Defendant's second pro-se notice of appeal is frivolous.[5] (Doc. 211.) Further, the Court notes that the issues presented by this notice of appeal are unrelated to those presented by sentencing. Accordingly, although this Court currently lacks jurisdiction to sentence Defendant, this matter will proceed to sentencing once the Seventh Circuit issues its mandate as to Defendant's first notice of appeal. The Clerk is directed to communicate this order to the Seventh Circuit in conjunction with the second notice of appeal. (Doc. 211).

**IT IS SO ORDERED**.

Signed this 24th day of February, 2006.

/s/          David   RHerndon
**United States District Judge**

---

[5] It should be noted that it is not this Court's role to dismiss or strike a notice of appeal. See ***Sperow v. Melvin*, 153 F.3d 780, 781 (7th Cir. 1998)**.