IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**vs.**

**CHRISTOPHER B. TAYLOR,**

**Defendant.**                               No. 04-CR-30095-DRH

### MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Before the Court are two motions submitted pro se by Defendant Christopher Taylor ("Defendant"). (Docs. 230, 231.) The first motion seeks to reconsider this Court's April 3, 2006 order (Doc. 226), which denied a motion submitted *pro se* by Defendant at a point when he was represented by counsel. (Doc. 230.) The second motion seeks leave to file objections to Defendant's presentence Report. (Doc. 231.)

With regard to Defendant's first motion, in its April 3rd order, the Court denied Defendant's motion "to order the U.S. Attorney, DEA, City of Alton, and X Phone Company to provide all phone records, witness's statements, confidential agreements, payment and expense records relating to Tina Whittenburg related to January 22, 2004" (Doc. 202). (Doc. 226.) The Court did so pursuant to its policy — which Defendant had previously been apprised of (Doc. 171) — of refusing to

accept pro se motions from parties represented by counsel. Now, although Defendant is no longer represented by counsel (*see* Doc. 228), the Court declines to reverse its ruling. As the Court has repeatedly advised Defendant, the sole remaining matter before this Court is sentencing. Motions relating to Defendant's guilt or innocence and unrelated to the issue of sentencing — a category into which Defendant's instant motion certainly fits (*see* Doc. 202) — are irrelevant and will not be entertained by this Court. Furthermore, in his motion, Defendant states that the motion is related to the issue of the reasonableness of the search. So, he seeks information which has to do with the Court's previous ruling on Defendant's Motion to Suppress. (Doc. 13.) That was denied at the hearing and in an order entered on October 25, 2004. (Doc. 35.) Therefore, the Court **DENIES** Defendant's motion to reconsider. (Doc. 230.)

With regard to Defendant's second motion, the Court **GRANTS** Defendant's motion for leave to file objections to his presentence report. (Doc. 231.)

**IT IS SO ORDERED**.

Signed this 14th day of April, 2006.

/s/      David   RHerndon
**United States District Judge**