IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**vs.**

**CHRISTOPHER B. TAYLOR,**

**Defendant.**                                          **No. 04-CR-30095-DRH**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

      Before the Court are three motions submitted pro se by Defendant Christopher Taylor ("Defendant"). Defendant moves (1) for disclosure of discovery material (Doc. 233); (2) for an order of specific performance requiring Defendant's former attorney, Federal Public Defender Phillip Kavanaugh, to deliver a cassette tape, a CD-ROM, and a cassette and CD-ROM player to him (Doc. 235); and (3) for a continuance of sentencing in this matter (Doc. 237).

      For background purposes, Defendant was originally indicted in this

matter on July 22, 2004.[1] (Doc. 1.) On September 16, 2005, after a five-day trial, a jury found Defendant guilty of two Counts related to his possession and distribution of crack. (Docs. 153, 154.) Since then, Defendant has filed numerous pro-se motions despite being represented by counsel. (*See, e.g.*, Docs. 161, 197, 198, 199, 202, 209, 210.) He has also filed two notices of appeal, despite not having yet been sentenced. (Docs. 191, 211.) On April 6, 2006, the Court — after reiterating to Defendant that it would not appoint yet another attorney to represent him in this case[2] — acceded to Defendant's request to proceed pro se. (Doc. 228.) The instant motions followed.

In his first motion, Defendant requests that the government provide him with the name of an agent whose identity, he claims, "remained secret" at Defendant's trial. (Doc. 233, p. 2.) The basis for this motion is laid out in paragraph five; there, Defendant states that "[a]llowing agents to narrate the course of their investigations, and thus spread before juries damning information that is not subject to cross-examination, would go far toward abrogating the defendant's rights under the Sixth Amendment and the hearsay rule." (*Id.*) The difficulty with this argument is that a jury is no longer charged with determining Defendant's guilt or innocence. That question has already been resolved, and Defendant has been found guilty. (Docs. 153, 154.) The only matter before the Court is Defendant's sentencing, and at

---

[1] A superceding indictment was filed by the government on February 25, 2005. (Doc. 63.)

[2] A total of eight different attorneys have represented Defendant at various points in this case.

sentencing neither the hearsay rule nor the Sixth Amendment functions as a bar to admissibility.  *See **United States v. Spiller**, 261 F.3d 683, 693 (7th Cir. 2001)*; ***United States v. Radix Laboratories, Inc.**, 963 F.2d 1034, 1039 (7th Cir. 1992)*; *see also* **Fed. R. Evid. 1101(d)**; ***United States v. Weekly**, 118 F.3d 576, 582 (8th Cir. 1997)*.  Because the discovery Defendant seeks is relevant to the jury's determination of his guilt or innocence, not sentencing, therefore, the Court **DENIES** Defendant's request for additional discovery material.  (Doc. 233.)[3]

In his second motion, Defendant seeks a Court order requiring Defendant's former attorney, Federal Public Defender Phillip Kavanaugh, to "turn over one CD-ROM and one cassette tape thats (sic) Discovery Material."  (Doc. 235.) The Court **DENIES** this motion.  As the Court has learned, Attorney Kavanaugh tried to provide the requested materials to Defendant, but neither item was allowed at into facility in which Defendant is currently housed due to safety concerns.  The Court accepts these concerns as valid, and declines, on this basis, to permit Defendant to obtain the requested materials in his cell.[4]

---

[3] Defendant has submitted an "addendum" to his motion for additional discovery, in which he states that he cannot "prepare objections to Count I of 'PSR' when Government fail (sic) to comply with Rule 16."  (Doc. 234.)  Like Defendant's original motion for additional discovery, however, this "addendum" is concerned with discovery related to the question of Defendant's guilt or innocence. (*Id.*)  A jury has already found Defendant guilty of possessing and distributing crack on January 22, 2004 and September 10, 2003, respectively.  (*See* Docs. 153, 154, 155, 156, 63.)  That issue is no longer relevant.

[4] The Court has been informed that Attorney Kavanaugh is attempting to work with Defendant on a solution that will permit Defendant to have access to these items despite his presence in jail.  The Court accepts this representation. The Court will not, however, allow Defendant to possess items that could be transformed into potentially dangerous weapons in jail.  The Court notes, further,

In his third and final motion, Defendant seeks to continue his sentencing date. The Court **DENIES** this motion. Sentencing will proceed as scheduled on May 30, 2006.

**IT IS SO ORDERED**.

Signed this 10th day of May, 2006.

/s/        David   RHerndon<br>**United States District Judge**

---

that Defendant does not establish how these items will be relevant to the issues this Court will face at sentencing.