IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**vs.**

**CHRISTOPHER B. TAYLOR,**

**Defendant.**                                                  **No. 04-CR-30095-DRH**

### ORDER

**HERNDON, District Judge:**

Now before the Court are written objections Defendant Christopher Taylor ("Defendant") has filed to the Presentence Report ("PSR") created on his behalf. There are two sets of objections. The first set ("Set One") has been docketed and is specifically styled as a list of objections to the PSR. (Doc. 236.) The second set ("Set Two"), which the Court construes as objections, appears in a letter written by Defendant to his former attorney, Phillip Kavananugh. Though the Defendant did not file the latter referred to "objections" in the usual fashion, he did give them to the Probation Officer and the Court found them attached to the PSR, so in order to provide the Defendant with the greatest possible protection, the Court considered them at the hearing. The Defendant specifically stated he withdrew all other objections filed by either his prior counsel or the Defendant pro se.

    **1.**    **The First Set of Objections**

Defendant separates the objections in Set One into two categories: those that pertain to the first Count of his indictment and those that pertain to the second.[1] Those pertaining to Count I relate almost exclusively to the testimony of one trial witness, Ms. Tina Whittenburg. (Doc. 236, pp. 1-5.) In these objections, Defendant argues that various aspects of Ms. Whittenburg's testimony are factually incorrect, including the part of her testimony concerning her purchase of a quarter ounce of crack from Defendant, her testimony concerning her phone call to Defendant on January 22, 2004, her testimony that she lived up to her confidential source agreement, and her testimony that she dealt drugs when she was released from jail in February, 2003. (*Id.*)

As explained at Defendant's sentencing hearing, the Court must **DENY** these objections. (Doc. 236, pp. 1-5.) The jury in this case had the opportunity to judge Ms. Whittenburg's testimony and credibility for itself; after doing so, it determined that Defendant was guilty of the conduct charged in Count I. (Doc. 153.) The Court does not now stand in judgment of that finding.

Defendant's second group of objections in Set One primarily relate again to the issue of Defendant's innocence, this time with respect to Count II of the indictment. (Doc. 236, pp. 6-8.) Defendant appears to object to the PSR's findings that Ms. Whittenburg met with Defendant, that she ordered a half ounce of crack cocaine for $500, that she entered into the transaction with Defendant by 5:55 p.m.,

---

[1] A jury found Defendant guilty on both Counts after a five day trial. (*See* Docs. 153, 154.)

and that he met her with another quarter ounce a short time after the original sale. As explained at Defendant's sentencing hearing, the Court must **DENY** these objections. (Doc. 236, pp. 6-8.) The jury had the opportunity to observe the witnesses in this case and judge their credibility for itself. It did so, and then found Defendant guilty of the conduct charged in Count II. (Doc. 154.)

### 2. The Second Set of Objections

Defendant's second set of objections appear in a letter written by Defendant to his then-attorney, Federal Public Defender Phillip Kavanaugh. Defendant's first and second objections in Set Two relate to alleged factual inaccuracies in Tina Whittenburg's testimony. More specifically, Defendant argues that contrary to her testimony at trial, Ms. Whittenburg (1) never called his phone on September 11, 2003 between 3:00 and 4:00 p.m., and (2) never called his phone a second time. The Court must **DENY** these objections. Again, for the reasons above, the Court does not now stand in judgment of the credibility of witnesses who testified at trial.

Defendant's third objection in Set Two relates to transcripts of DEA recordings that Defendant would have liked his trial attorneys to present to the jury in order to raise reasonable doubt. The Court **DENIES** this objection. The guilt or innocence phase of Defendant's case is complete.

Defendant's fourth objection in Set Two relates to lab analyses Defendant desires to have conducted on the two substances obtained by the

government. The Court has already addressed this argument. (*See* Docs. 189, 190.) Defendant's objection is therefore **DENIED**. Moreover, to the extent that this objection relates to the stipulation Defendant signed (Doc. 123), the objection is **DENIED**.

Defendant's fifth objection in Set Two again relates to a factual issue raised by Tina Whittenburg's testimony. For the reasons above, that objection is **DENIED**. Defendant's sixth objection similarly relates to a factual issue concerning Lt. Hayes's testimony. That objection is also **DENIED** for the reasons above. Finally, Defendant's seventh objection concerns the classification of the relevant 5.9-gram substance as crack. The reasoning underlying this objection has already been rejected by this Court. (Doc. 189.) The objection is therefore **DENIED**.

These rulings were made in open court in the presence of the Defendant, although the order was not completed until this date due to the press of other matters. **IT IS SO ORDERED**.

Signed this 31st day of May, 2006.

/s/       David  RHerndon
**United States District Judge**