IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

CHRISTOPHER B. TAYLOR,

Defendant.                                                  No. 04-CR-30095-DRH

### ORDER

**HERNDON, District Judge:**

      Now before the Court are four motions filed by Defendant. On February 8, 2007, the Court entered an Order denying Defendant's motion for new trial based on newly discovered evidence challenging legislative jurisdiction. (Doc. 280.) On March 19, 2007, the Court entered an Order denying Defendant's motion for reconsideration of the February 8, 2007 Order. (Doc. 284.) In an opinion dated April 25, 2007, the Seventh Circuit affirmed this Court's Orders denying Defendant's motion for new trial and motion for reconsideration. (Docs. 280, 284.)

      Following this Court's March 19, 2007 Order denying the Court's motion to reconsider, Defendant filed a motion to supplement. (Doc. 285.) As discussed above, this Court has already considered, ruled on, and reconsidered Defendant's arguments for new trial in his previous two motions. (Doc. 280, 284.) The Court no longer has jurisdiction over this matter and will not consider any additional motions or arguments in this case. Furthermore, Defendant has already appealed this Court's decision to the Seventh Circuit, which summarily affirmed this Court's Orders.

Therefore, Defendant's motion to supplement (Doc. 285) is **DENIED** due to the aforementioned lack of jurisdiction.

In addition, Defendant filed a motion to request transcripts (Doc. 289), a motion to amend his previous motion to request transcripts (Doc. 290), and a motion for determination of status (Doc. 293). In support of these motions, Defendant regurgitates the same arguments regarding his belief that this Court lacked subject matter jurisdiction over this matter because the locations upon which the crimes occurred were not on federal property. At this time, judgment has been entered in Defendant's case and currently there are no pending appeals; therefore, the transcripts are not necessary for either an effective defense or appeal. ***See Britt v. North Carolina*, 404 U.S. 226, 227 (1971)**. The Court is unaware of any authority that provides for transcripts at the Government's expense for one's personal records. However, these transcripts have already been provided to Defendant's previous attorney. If Defendant wishes to obtain copies of the transcript for his own personal files, he should contact his previous attorney. If Defendant is unable to obtain copies of the records in this way, Defendant will have to pay for the transcripts himself. Defendant's motions, therefore, are **DENIED**. (Docs. 289, 290, 293.)

**IT IS SO ORDERED.**

Signed this 10th day of July, 2007.

/s/     David RHerndon
**United States District Judge**