## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,

**Plaintiff,**

**v.**

**CHRISTOPHER B. TAYLOR,**                    **No. 04-30095-DRH**

**Defendant.**

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Pending before the Court is Taylor's pro se September 15, 2008 motion for new trial (Doc. 322) and motion for return of property (Doc. 323). The Government responded to Taylor's motions with their own motion on September 25, 2008 (Doc. 328). Taylor filed a motion for extension of time to file his response to the Government's motion (Doc. 330) and then filed his response (Doc. 331). Based on the following, the Court **DENIES** the motion for new trial and dismisses the motion for return of property for lack of jurisdiction.

On February 22, 2005 the grand jury indicted Christopher Taylor on two counts of knowingly and intentionally possessing with intent to distribute 5 grams or more of a mixture or substance containing cocaine base, commonly referred to as "crack cocaine," a Schedule II, Narcotic Controlled Substance in violation of Title 21, United States Code, Section 841 (a)(1) and (b)(1)(B). (Doc. 328 & 63). On September, 16, 2005, a jury found Taylor guilty of the charge contained in the indictment. (Docs. 153 and 154).

**A.      Motion for New Trial**

Under **Fed. R. Crim. P. 33(a)**, the court "may vacate any judgment and grant a new trial if the interest of justice so requires."  The burden is on the defendant to show that the interest of justice require retrial.  **United States v. McGee, 408 F.3d 966, 979 (7th Cir. 2005)**.  On a motion for a new trial, the Court may reweigh the evidence, taking into account the credibility of the witnesses.  **U.S. v. Washington, 184 F.3d 653, 657-58 (7th Cir. 1999), cert. denied**.  If the court reaches the conclusion that there is a serious danger that a miscarriage of justice has occurred-that is, that an innocent person has been convicted-it has the power to set the verdict aside; however, Rule 33's conferral of discretion on the district court is not a license to abuse it.  **U.S. v. Santos, 20 F.3d 280, 285 (7th Cir. 1994), r'hring. denied (citing U.S. v. Morales, 902 F.2d 467 (7th Cir. 1990))**.  The motion is addressed to the discretion of the court, and the power to grant a new trial should be exercised with caution and invoked only in the most extreme cases.  **Id.; U.S. v. Linwood, 142 F.3d 418, 422 (7th Cir. 1998), cert. denied (citations omitted)**.

Any motion for a new trial filed more than seven days after the verdict is too late.  **See Fed.R.Crim.P. 33(b)(2); United States v. McGee, 408 F.3d 966, 979 (7th Cir. 2005); United States v. Washington, 184 F.3d 653, 659 (7th Cir. 1999)**.  Only Rule 33 motions grounded on new evidence have longer time limits.  **United States v. Cavender, 228 F.3d 792, 802 (7th Cir. 2002)**.  To prevail on a motion for new trial based on newly discovered evidence, a defendant must show that (1)

that he became aware of the evidence only after trial; (2) he could not, by exercising due diligence, have discovered it sooner; (3) the evidence is material; and (4) in the event of a new trial, the evidence would probably lead to an acquittal. **See United States v. Hodges, 315 F.3d 794, 801 (7th Cir. 2003); United States v. Palivos, 486 F.3d 250 (7th Cir. 2007)**.

On September 16, 2005, a jury found Taylor guilty of the charge contained in the indictment (Docs. 153 & 154). This motion was filed on September 15, 2008. Clearly, this motion is untimely unless the motion is based on newly discovered evidence. Here, Taylor argues that his motion is based on newly discovered evidence. Essentially, Taylor argues that the government never proved that Taylor had intentionally possessed a controlled substance because it never presented evidence that cocaine base was published in the Federal Register as a controlled substance. Taylor attaches copies of the legislative history regarding the passage of Bill # H.R. 18583, which Taylor claims he had no knowledge of during or before trial, and a letter from the Clerk's Office for the House of Representatives to support his claim that the evidence is newly discovered.

A review of Taylor's motion indicates that it is not based on newly discovered evidence. Although the evidence was discovered by *Taylor* after the trial, the evidence existed at the time of trial and could have been discovered during the trial. The evidence is publicly available and could have been discovered by Taylor before the trial. Therefore, the information is not new information and Taylor's motion for

new trial is **DENIED** and the Government's motion is **GRANTED**.

**B.      Motion for Return of Property**

Taylor has also filed a motion for return of property (Doc. 323).  Taylor argues that $799 was removed from him by an Alton Police officer and never returned. Taylor argues that the $799 was never proven at trial to be drug proceeds and not ordered to be forfeited by the Court.  The Court does note that the $799 is part of a garnishment proceeding (Doc. 328).

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule.  **See *Carlisle v. United States*, 517 U.S. 416 (1996)**.  The following post-judgment motions are allowed if timely filed.  Under **Federal Rule of Criminal Procedure 35**, revision is proper only within 7 days, unless the prosecutor files an appropriate motion or the court appeals remands.  Further, a **Rule 33** motion for new trial based in evidence must be brought within 3 years after the verdict and a **Rule 33** motion for new trial based on other grounds must be brought within 7 days after the verdict.  Lastly, a collateral attack under **28 U.S.C. § 2255** has a 1 year statute of limitations.

Here, Taylor does not cite any case law or statute which allows the Court to consider this motion.  **Rule 35** is inapplicable because this motion does not appear to be brought to correct the sentence arithmetical, technical or other clear error and the Government has not filed a motion to reduce.  Likewise, **Rule 33** does not apply because the motion for return of property is not brought on newly discovered

evidence and it was not filed within 7 days of the verdict to be timely brought based on other reasons. Therefore, the only other possible procedural avenue that Taylor could bring this motion is a **§ 2255** collateral attack.[1] Based on the case law, the Court must treat a post-judgment motion as a collateral attack if it meets the description of § 2255. **See *Romandine v. United States*, 206 F.3d 371 (7ᵗʰ Cir. 2000)**. After reviewing the pleading, it is not clear to the Court that Taylor intends to pursue a collateral attack. Because the Court finds that Taylor's motion does not fall under any of the exceptions authorized by statute or rule, the Court lacks jurisdiction to entertain the motion.

Accordingly, the Court dismisses for want of jurisdiction Taylor's motion for return of property (Doc. 323).

### IV.  Conclusion

Therefore, the Court **DENIES** Taylor's Motion for New Trial (Doc. 322). The Court further dismisses for want of jurisdiction Taylor's motion for return of

---

[1]In the event that Taylor wishes to file a collateral attack, the Court advises Taylor to consult **28 U.S.C. § 2255**, the **Federal Rules of Criminal Procedure** and the Court's Local Rules on how to properly file such a petition.

property (Doc. 323). The Court also **GRANTS** the Government's motion regarding

motion for new trial and return of property (Doc. 328).


      **IT IS SO ORDERED.**

      Signed this 19th day of November, 2008.

               /s/       *David R Herndon*

               **Chief Judge**
               **United States District Court**