IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

CHRISTOPHER B. TAYLOR,   No.04-cr-30095-DRH

Defendant.

### ORDER

**HERNDON, Chief Judge:**

Before the Court is Defendant Christopher B. Taylor's Motion For Relief Pursuant to Federal Rule of Civil Procedure 60(b)(3) (Doc. 342). On November 19, 2008, the Court issued an Order (Doc. 334) denying Defendant's motion for new trial, dismissing for want of jurisdiction Defendant's motion for return of property, and granting the Government's motion to deny Defendant's motions. On December 18, 2008, Defendant filed a motion asking the Court to relieve Defendant of its order regarding the motion for new trial and return of property based on the alleged fraud and misrepresentation by the Government (Doc. 342). However, before filing his motion for reconsideration, Defendant filed a Notice of Appeal (Doc. 337), regarding the Court's November 19, 2008 Order (Doc. 334).

Because this matter is now on appeal to the Seventh Circuit, the Court has no jurisdiction to consider Defendant's Motion for relief pursuant to Rule 60(b)(3) (Doc. 342). "[A] federal district court and a federal court of appeals should not attempt to

assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance - it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." ***Kusay v. U.S.*, 62 F.3d 192, 193-94 (7th Cir. 1995) (citations omitted)**. Yet a district court may address ancillary matters while the case is on appeal. ***Id.* at 194.**

Here, the Seventh Circuit will address the Court's orders denying Defendant's Motion for New Trial and Motion for Return of Property and granting the Government's motion. Thus, the appellate court will either affirm the Court's decision to deny a new trial and decision regarding the motion for return of property, dismiss the appeal, or remand it back to the Court for further proceedings. Either way, there will be no further need for the Court to reconsider its previous order once the Seventh Circuit has spoken on the matter - it will either be bound by its decision to affirm/dismiss or else have the opportunity to revisit the motions on remand. Furthermore, nowhere under the Federal Rules of Criminal Procedure exists the authority for one to file a "motion for reconsideration" of a previous court ruling, although such procedural vehicle does exist in civil cases. **See *United States v. Griffin*, 84 F.3d 820, 826 n.4 (7th Cir. 1996) ("We are at a loss to understand any basis under federal law or rules of criminal procedure for what is typically described as a "motion to reconsider…[t[here is no authority in the Federal Rules of Criminal Procedure for a "motion for reconsideration.").** Accordingly,

without making a ruling upon the motion because it currently does not possess the jurisdiction to do so, the Court finds Defendant's Motion for Relief Pursuant to Federal Rules of Civil Procedure 60(b)(3) to be **MOOT** in light of Defendant's concurrent appeal of the same order he seeks this Court to reconsider.

**IT IS SO ORDERED.**

Signed this 14th day of January, 2009.

/s/   David R Herndon
**Chief Judge
United States District Court**