# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**CHRISTOPHER B. TAYLOR,**  No. 04-30095-DRH

**Defendant.**

## ORDER

**HERNDON, Chief Judge:**

### I. Introduction and Background

Now before the Court is Defendant Taylor's Request to Reopen Judgment (Doc. 346) and Motion for Leave to Supplement and Combine Motion to Supplement Pending Request to Reopen Judgment (Doc. 347). Defendant Taylor argues that the judgment in the above captioned case should be reopened because of a "defect in the integrity of the Court's January 14, 2009 Order." Defendant fails to cite any case law for reopening the Judgment in this case. The Court, therefore, construes Defendant's motion as a motion for new trial.

On February 25, 2005 the grand jury indicted Christopher Taylor on

one count of knowingly and intentionally possessing with intent to distribute 5 grams or more of a mixture or substance containing cocaine base, commonly referred to as "crack cocaine," a Schedule II, Narcotic Controlled Substance in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B) and one count of knowingly and intentionally possessing 12.8 grams of a substance containing cocaine, in the form of cocaine base, a Schedule II Narcotic Controlled Substance in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B). (Docs. 328 & 63). On September 16, 2005, a jury found Taylor guilty of the charge contained in the indictment. (Docs. 153 and 154).

## II. Analysis

The Court notes that Taylor's main argument for reopening the judgment is due to a defect in the integrity of the Court's January 14, 2009 Order (Doc. 345). Taylor argues that the Court could have heard his motion for reconsideration pursuant to 60(b)(3) because District Courts are allowed to rule on 60(b)(3) motions while an appeal is pending. (Doc. 347). **See *Kusay v. United States*, 62 F.3d 192, 193-94 (7th Cir. 1995) ("It would be possible, we suppose, to characterize the district court's proceedings in Kusay's case an order denying relief from judgment under Rule 60(b), a step the district court can take while an appeal is pending.").** Taylor further argues that the Court could have heard the motion because the appeal had been denied.

Once a district court enters final judgment it lacks jurisdiction to

continue hear related issues, except to the extent authorized by statute or rule. **See *Carlisle v. United States*, 517 U.S. 416 (1996).** The following post-judgment motions are allowed if timely filed. Under **FEDERAL RULE OF CRIMINAL PROCEDURE 35**, revision is proper only within 7 days, unless the prosecutor files an appropriate motion or the court of appeals remands. Further, a **Rule 33** motion for new trial based in evidence must be brought within 3 years after the verdict and a **Rule 33** motion for new trial based on other grounds must be brought within 7 days after the verdict. Lastly, a collateral attack under **28 U.S.C. § 2255** has a 1 year statute of limitations.

Here, Taylor fails to cite to any case law or statute allowing the Court to consider this motion. **Rule 35** is inapplicable because this motion does not appear to be brought to correct the sentence arithmetical technical or other clear error and the Government has not filed a motion to reduce. Likewise, **Rule 33** does not apply because the motion for reopening judgment is not brought on newly discovered evidence and it was not filed within 7 days of the verdict to be timely brought based on other reasons. Therefore, the only other possible procedural avenue that Taylor could bring this motion is a § 2255 collateral attack.[1] **See *Romandine v. United States*, 206 F.3d 371 (7th Cir. 2000).** After reviewing the pleading, it is not clear to the Court that Taylor intends to pursue a collateral attack. Because the Court

---

[1] In the event that Taylor wishes to file a collateral attack, the Court advises Taylor to consult **28 U.S.C. § 2255**, the **FEDERAL RULES OF CRIMINAL PROCEDURE** and the Court's Local Rules on how to properly file such a petition.

finds that Taylor's motion does not fall under any of the exceptions authorized by statute or rule, the Court lacks jurisdiction to entertain the motion. Accordingly, the Court **DISMISSES** for want of jurisdiction Taylor's Request to Reopen Judgment (Doc. 346) and **DENIES** as moot Taylor's Motion for Leave to Supplement and Combine (Doc. 347).

The Court notes that Defendant is correct that the general rule is that the district court can consider a motion for reconsideration under Rule 60(b)(3) while an appeal is pending. While Defendant is correct that the Court could hear a 60(b)(3) motion while an appeal is pending, the ruling in *Kusay,* however, applies to civil cases. Defendant has filed his motion in a criminal case, yet he based his motion on Rule 60(b)(3) of the Federal Rules of *Civil* Procedure. The Court noted in its previous Order (Doc. 345) that the Federal Rules of Civil Procedure have no application in criminal cases. **See *United States v. Griffin*, 84 F.3d 820, 826 n.4 (7th Cir. 1996) ("We are at a loss to understand any basis under federal law or rules of criminal procedure for what is typically described as a "motion to reconsider…[t]here is no authority in the Federal Rules of Criminal Procedure for a "motion for reconsideration."); See also *United States v. Eckleberry*, 22 F.Supp. 2d 885 (N.D.Ill. 1998) (Motion for reconsideration under Rule 60(b)(3) denied because Federal Rules of Civil Procedure not applicable in a criminal case).**

Even if the Court could entertain Defendant's motion for reconsideration

pursuant to Rule 60(b)(3) (Doc. 342), Rule 60(b) relief is reserved for exceptional circumstances. ***Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994).** "Rather, it exists to allow courts to overturn decisions where 'special circumstances' justify an 'extraordinary remedy.'" ***Cash v. Illinois Div. of Mental Health*, 209 F.3d 695, 697 (7th Cir. 2000) (quoting *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)).**

Here, Taylor has presented no special circumstances justifying the extraordinary remedy. Taylor argues that the Government was mistaken when it stated that Cocaine and Cocaine base were listed in the original text of the bill. Taylor argues that under Bill # H.R. 18783, Congress listed Coca Leaves under the term "narcotic drug" and therefore, neither cocaine or cocaine base are listed. However, Defendant is incorrect. The Government stated in its response "that Cocaine and any compound, mixture or preparation containing cocaine are listed in the bill under Schedule II. Schedule II is codified at 21 U.S.C. § 812 (2008)." (Doc. 328, p.3). **21 U.S.C. § 812** lists cocoa leaves and cocaine as a Schedule II substance. Furthermore, the Court found that Taylor's motion was not based on new evidence as **Bill # H.R. 18583** existed at the time of trial and could have been discovered during the trial. Therefore, the Court was correct in denying Defendant's motion for new trial.

### III.  Conclusion

Therefore, the Court **DISMISSES** for want of jurisdiction Defendant

Taylor's motion to reopen judgment (Doc. 346) and **DENIES as moot** Taylor's motion for leave to supplement and combined motion to supplement pending request to reopen judgment (Doc. 347).

**IT IS SO ORDERED.**

Signed this 4th day of March, 2009.

/s/     *David R Herndon*
**Chief Judge**
**United States District Court**