IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

CHRISTOPHER B. TAYLOR,

Defendant.                                              No. 04-30095-DRH

**ORDER**

**HERNDON, Chief Judge:**

On May 30, 2006, the Court sentenced Taylor to 300 months imprisonment (Doc. 247) and the Clerk of the Court entered Judgment reflecting the same on May 31, 2006 (Doc. 250). On February 8, 2007, the Court entered an Order denying Defendant's motion for new trial based on newly discovered evidence (Doc. 276). On March 19, 2007, the Court entered an Order denying Defendant's motion for reconsideration of the February 8, 2007 Order (Doc. 284). On July 10, 2007, the Court denied Defendant's motion to supplement his motion for new trial (Doc. 294). In denying that motion, the Court stated that the Court had already considered Defendant's arguments for new trial and no longer had jurisdiction over the matter. On August 7, 2007, the Court denied Taylor's motion to clarify and again stated that it no longer had jurisdiction and instructed the Clerk to refuse further attempts by Taylor to file anything in this criminal case (Doc. 301). On September 15, 2008, Taylor again filed a motion for new trial, this time based on what he claimed was newly discovered evidence regarding cocaine and cocaine base (Doc. 322). Taylor

argued that cocaine base was not a controlled substance under the statute. Once again, the Court denied Taylor's motion for new trial (Doc. 334).

Now before the Court is Taylor's motion to compel (Doc. 353). Taylor requests that the Court compel the United States of America to submit evidence showing when the Health and Human Services recommended that cocaine be added as a Schedule II drug as well as provide the text of the original bill where cocaine and cocaine base were listed. In the alternative, Taylor asks that the Court provide Taylor with this information or determine that the United States of America has committed a fraud against Taylor. Taylor further requests that the Court dismiss the judgment against him and release him from custody. As the Court has previously stated on numerous occasions, this Court "no longer has jurisdiction over this matter and will not consider any additional motions or arguments in this case." (Docs. 294 & 301). Thus, the Court **DISMISSES for lack of jurisdiction** Taylor's motion to compel (Doc. 353). As this matter is closed, the Court **ORDERS** Taylor not to file any more pleadings and **ORDERS** the Clerk of the Court **not to accept any more pleadings** from Taylor in reference to this matter. In the event that Taylor does send pleadings to this Court regarding this matter, the Court **ORDERS** the Clerk of the Court to return them to Taylor. **IT IS SO ORDERED.**

Signed this 2nd day of June, 2009.

/s/      *David R Herndon*
**Chief Judge**
**United States District Court**