## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

CHRISTOPHER B. TAYLOR,

Defendant.                                          No. 04-30095-DRH

## ORDER

**HERNDON, Chief Judge:**

Before the Court is Defendant Taylor's Rule 60(b)(4) Void Judgment Motion (Doc. 362). Defendant claims that his due process rights were violated because his legs were shackled in front of the jury during his trial. On September 16, 2005, Defendant was found guilty of two counts of possession with intent to distribute crack cocaine and distribution of crack cocaine (Docs. 153 & 154). Defendant was subsequently sentenced to a term of 300 months imprisonment on each Count to run concurrently (Doc. 247). Since his sentencing, Defendant has filed numerous motions for new trial, motions to reconsider, and various other motions regarding the judgment in this case, all of which have been denied by this Court (See Docs. 272, 276, 280, 284, 285, 290, 294, 322, 334, 342, 345, 346, 348). Further, Defendant filed a § 2255 habeas petition on October 22, 2007 which was subsequently denied. *See Taylor v. D.B. Drew*, **Case No. 08-CV-039-DRH (Doc. 18)**.

Once a district court enters a final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. *See Carlisle v. United States*, **517 U.S. 416 (1996)**. The following post-judgment motions are allowed if timely filed. Under **FEDERAL RULE OF CRIMINAL PROCEDURE 35**, revision is proper only within 7 days, unless the prosecutor files an appropriate motion or the court of appeals remands. Further, a **Rule 33** motion for new trial is based in evidence must be brought within 3 years after the verdict and a **Rule 33** motion for new trial based on other grounds must be brought within 7 days after the verdict. Lastly, a collateral attack under **28 U.S.C. § 2255** has a 1 year statute of limitations.

Here, Defendant has titled his motion as a motion for reconsideration pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 60(b)(4)**. While the **FEDERAL RULE OF CRIMINAL PROCEDURE** lack a counterpart to the civil rules motion to reconsider, "motions to reconsider in criminal prosecutions are proper and [are] treated just like motions in civil suits." *United States v. Rollins*, **607 F.3d 500, 502 (7th Cir. 2010)**. A motion to reconsider may be filed within the time to file a notice of appeal. *Id*. However, such a motion is untimely in this case as Defendant was sentenced May 30, 2006 and his appeal has long since been dismissed. The Court also notes that Defendant fails to meet any of the deadlines under the Civil Rules regarding motions to reconsider as his motion was not filed within a reasonable time after Judgment was entered, nor does his motion appear to seek reconsideration of the various other

motions Defendant has filed since Judgment was entered in this case.

Although Defendant's motion for reconsideration is not appropriate in this circumstance, it appears that what Defendant really seeks is to vacate, set aside or correct his sentence under **28 U.S.C. § 2255**. "Any motion filed in this district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover.... Call it a motion for new trial, arrest of judgment, mandamus, prohibition, coram nobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail-Card; the name makes no difference.  It is substance that controls." ***Melton v. United States*, 359 F.3d 855, 856 (7th Cir. 2004) (internal citation omitted)**.  Thus, Defendant Taylor's motion is really a § 2255 motion as it seeks a new trial for due process violations based on the new claim of allegedly being shackled in front of the jury.

As noted, however, this is not Taylor's first § 2255 petition.  He has filed one previous motion.  In order for the Court to consider a successive petition, the Seventh Circuit Court of Appeals must certify the successive petition pursuant to 28 U.S.C. § 2255. ¶ 8.  ***Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)**. The Seventh Circuit has not done so.  Therefore, the Court does not have jurisdiction to entertain the pending successive § 2255 motion.

Accordingly, without addressing the merits of the motion or the truth of the allegations asserted therein the Court **DISMISSES for lack of jurisdiction**

Taylor's Rule 60(b)(4) Void Judgment Motion (Doc. 362).

**IT IS SO ORDERED.**

Signed this 27th day of December, 2010.

David R. Herndon
2010.12.27
16:41:00 -06'00'

**Chief Judge**
**United States District Court**