# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

CHRISTOPHER B. TAYLOR,

Defendant.                                               No. 04-30095-DRH

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

Before the Court is defendant Chris Taylor's motion for case agent Cindy Scott's testimony to be stricken from the record due to perjurious [sic] testimony (Doc. 392). In the Court's order (Doc. 382) of July 25, 2011, denying Taylor's motion to confirm (Doc. 381), this Court threatened Taylor that if he continued to file frivolous motions, the Court may fine him. Apparently undeterred, Taylor filed this current motion seeking to have the Court "REMOVE Ms. Scott's testimony from the record due to perjurious [sic] testimony on or about September 13, 2005." Taylor has filed similar motions related to Ms. Scott's testimony, specifically his motion to clarify (Doc. 376), motion to confirm (Doc. 381), and motion to addendum (Doc. 383), all of which have been denied for trying to "rehash the same old arguments" (Doc. 377) or for being frivolous (Docs. 382 & 384). This motion is no different. Therefore, pursuant to this Court's implied powers to manage its own affairs, this

Court exercises its discretion to sanction Taylor for abusing the judicial process. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991); *Alexander v. United States*, 121 F.3d 312, 316 (7th Cir. 1997) ("Courts have inherent powers to protect themselves from vexatious litigation.").

This is not a situation in which the Court is threatening to impose sanctions on Taylor for making a layperson's mistake of law; rather, as aptly demonstrated by Taylor's repeated filings in this case, Taylor's abuse of the judicial process is obvious to any observer. Simply put, Taylor will not accept defeat despite the various times his motions and claims have been rejected. Further, he refuses to follow the Court's orders regardless of being warned. Accordingly, the Court concludes that an appropriate sanction in this case is a monetary sanction of $250.00 paid by Taylor to the Clerk of the Court. The Court finds that this sanction is tailored to Taylor's abuse, and will hopefully deter Taylor from further frivolous filings. See *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) (recognizing "the Supreme Court's admonition that any sanction imposed by a federal court for the abuse of its processes be tailored to the abuse."). If Taylor files another frivolous motion, he will be sanctioned $500.00 and the fines will increase proportionally with each frivolous motion. If monetary sanctions do not deter Taylor from frivolous filings, the Court will consider other alternatives, such as barring all filings, subject to certain limitations. See *Mack*, 45 F.3d at 186

The Court directs the Clerk of the Court to notify the warden of the Bennettsville Federal Correctional Institution of Taylor's obligation to pay the

sanction above.  It will be up to warden to determine how amounts deposited to Taylor's account might be utilized to pay his debt to this Court, even though the installment provision in 28 U.S.C. § 1915(b)(2) is not directly applicable.

**IT IS SO ORDERED.**

Signed this 31st day of August, 2011.

David R. Herndon
2011.08.31
15:22:31 -05'00'

**Chief Judge**
**United States District Court**