IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

CHRISTOPHER B. TAYLOR,

    Defendant.                                     No. 04-CR-30095-DRH-1

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### I. INTRODUCTION

The defendant was charged with several counts involving possession and distribution of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B). Defendant was found guilty after a jury trial. The defendant's base offense level was determined by his career offender status under § 4B1.1 (Doc. 248 ¶¶ 28, 47). On May 30, 2006, the Court sentenced defendant to a total of 300 months' imprisonment, in the middle of his guidelines range (Doc. 247). The Clerk of the Court entered Judgment on May 31, 2006 (Doc. 250).

On October 30, 2014, defendant filed a *pro se* motion seeking a reduction in his sentence based upon Amendment 782 and the retroactive drug quantity guidelines (Doc. 401). The Court directed the matter be referred to the Office of the Federal Public Defender (Doc. 404). Thereafter, the Federal Public Defender

was withdrawn from the case at the request of the defendant (Doc. 406, 407). Accordingly, the defendant is proceeding *pro se.*

## II. MOTION TO REDUCE

Section 3582(c)(2) of Title 18 allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If an amendment does not lower the defendant's applicable guideline range, the Court must deny a sentence reduction on the merits. *United States v. Taylor*, No. 13–2978, 2015 WL 554452, *5 (7th Cir. Feb. 11, 2015).

In the instant case, defendant is *not* entitled to a reduction in his sentence because he cannot satisfy the first criterion of that statute; he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Amendment 782 lowers the base offense level for most

drug quantity offenses under § 2D1.1. However, Amendment 782 did not lower the sentencing range established for a career offender by § 4B1.1.

When the defendant was sentenced, he was determined to be a career offender within the meaning of U.S.S.G. § 4B1.1 of the guidelines. Since the defendant's base offense level was determined by his career offender status under § 4B1.1, not the drug quantity table, he is not eligible for a reduction.[1]

Accordingly, the Court **DENIES** the defendants motion to reduce his sentence in accord with Amendment 782 (Doc. 401).

### III. SECTION 2255 PETITION

For the reasons discussed above, the defendant is not currently eligible for a reduction in accord with Amendment 782. However, a recent decision from the Supreme Court of the United States and two recent decisions from the Seventh Circuit Court of Appeals *may* present grounds for seeking habeas corpus relief in accord with 28 U.S.C. § 2255. The Court briefly reviews these decisions below. In so doing, the Court does not take a position on the merits of any potential claim for habeas relief filed by the defendant. Likewise, the Court takes no position and makes no rulings or predictions with regard to any future decisions that may issue from the Seventh Circuit related to these matters.

As previously noted, the defendant was sentenced as a "career offender" under United States Sentencing Guidelines Section 4B1.1. The Guidelines' Section 4B1.1 career offender sentencing enhancement requires a defendant

---

[1] The Court is filing a copy of Probation's evaluation of the defendant's eligibility for a reduction contemporaneously herewith. The evaluation will be filed under seal and the Court will direct the Clerk of the Court to mail a copy of the same to the defendant.

convicted of a crime of violence or controlled substance offense to have at least two prior felony convictions for either a "crime of violence" or a controlled substance offense. Section 4B1.2 defines a "crime of violence" as any crime punishable by imprisonment for a term exceeding one year that (i) has an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.* The italicized clause is what is referred to as the "residual clause." U.S.S.G. § 4B1.2(a)(2).

The Guidelines' definition of a "crime of violence" and residual clause" mirror the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B). *Compare* U.S.S.G. § 4Ba.2(a)(2) *with* 18 U.S.C. § 924(e)(2)(B)(ii).

In *Johnson v. United States,* \_U.S.\_, 135 S. Ct. 2551, 2557 (Jun. 26, 2015), the Supreme Court held that, relative to the ACCA, imposition of an enhanced sentence under the residual clause violates due process because the vagueness of the clause "denies fair notice to defendants and invites arbitrary enforcement by judges." *Id.*, 135 S. Ct. at 2557. On August 4, 2015, the Seventh Circuit concluded that *Johnson* announces a new substantive rule of constitutional law that is retroactively applicable in a collateral attack on a final conviction. *Price v. United States,* \_F.3d\_, 2015 WL 4621024, at *1 (7th Cir. Aug. 4, 2015) (authorizing District Court to consider second or successive Section 2255 motion seeking relief under *Johnson* relative to an ACCA sentence).

On August 25, 2015, the Seventh Circuit stated in dicta, "[W]e proceed on the assumption that the Supreme Court's reasoning [*in Johnson*] applies to section 4B1.2 as well") *Ramirez v. United States,* No. 13-3889, 2015 WL 5011965, at *9 (7th Cir. Aug. 25, 2015). The appellate court further noted the U.S. Sentencing Commission is seeking comments on a proposal to change the guideline language to make it conform to *Johnson. Id.*[2]

The Court notes *Johnson,* considered in conjunction with *Price* and *Ramirez,* presents *the possibility* that an individual sentenced as a career offender, based on the Guidelines' definition of a "crime of violence" and the Guidelines' "residual clause," may have grounds for challenging his federal conviction and sentence by means of a motion brought before the sentencing court pursuant to § 2255. The Court makes this observation without commenting on whether *Johnson* is equally applicable to the Guidelines career offender enhancement. Likewise, the Court makes no comment on whether this particular defendant's career offender enhancement was based on the Guidelines' definition of a "crime of violence" or "residual clause." The Court simply notes, to the extent *Johnson* is applicable in the instant case, a § 2255 petition appears to be the proper avenue for relief.

If the defendant decides to pursue relief under § 2255, he is advised that because he has previously filed a § 2255 (*Taylor v. Drew,* 3:08-cv-00039-DRH), he, like the petitioner in *Price,* must seek permission to file a second or

---

[2] U.S. Sentencing Commission News Release, "U.S. Sentencing Commission Seeks Comment on Revisions to Definition of Crime of Violence," http://www.ussc.gov/sites/default/files/pdf/news/press-releases-and-news-advisories/press-releases/20150807_Press_Release.pdf.

successive § 2255 motion with the federal Court of Appeals of the circuit in which he was sentenced. *See* 28 U.S.C. § 2244(b)(3).

Finally, the defendant should note the one-year period prescribed by 28 U.S.C. 2255(f)(3) for filing a § 2255 motion runs from the date of the Supreme Court's ruling initially recognizing the right asserted, *not* from the date the newly recognized right was found to be retroactive. *Dodd v. United States,* 545 U.S. 353, 357 (2005). Although *Johnson* pertains to the ACCA not the Guidelines, arguably the one-year period has begun to run.

### IV.  CONCLUSION

For the reasons discussed herein, the Court **DENIES** the defendant's motion to reduce his sentence in accord with Amendment 782 (Doc. 401). If the defendant decides to pursue relief under § 2255, he is advised that, because he has previously filed a § 2255, he must seek permission to file a second or successive § 2255 motion with the federal Court of Appeals of the circuit in which he was sentenced. *See* 28 U.S.C. § 2244(b)(3).

**IT IS SO ORDERED.**

Signed this 31st day of August, 2015.

Digitally signed by David R. Herndon
Date: 2015.08.31 14:03:45 -05'00'

**United States District Court**